**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| JESUS RANGEL-REYNEL, | Case No. C10-126-RSM-JPD |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| ERIC H. HOLDER, Attorney General of the United States, et al., | |
| Respondents. | |

## I. INRODUCTION AND SUMMARY CONCLUSION

Petitioner Jesus Rangel-Reynel, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges the lawfulness of his removal from the United States to Mexico on November 4, 2009.  (Dkt. No. 1.)  Petitioner alleges that his removal was unlawful because he did not receive notice of the Ninth Circuit's Order denying his motion for stay of removal.  *Id.* at 2.  Respondents have filed a motion to dismiss, arguing that the Court lacks jurisdiction to consider petitioner's claims under the jurisdiction stripping provisions of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005).  (Dkt. No. 9.)

For the reasons set forth below, the Court recommends that respondents' motion to dismiss be GRANTED and that this matter be DISMISSED with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

On March 27, 2009, petitioner filed his first habeas petition in this Court, which challenged his detention by the U.S. Immigration and Customs Enforcement ("ICE"). *See Rangel-Reynel v. Clark*, Case No. C09-415-JLR (W.D. Wash. 2009). On September 3, 2009, the Court granted the first habeas petition, and ordered that petitioner be provided a bond hearing before an Immigration Judge ("IJ"). *Id*. (Dkt. No. 18.) The same day, petitioner received a bond hearing before an IJ, who ordered that he be released on bond of $25,000. *Id*. (Dkt. No. 21, Ex. A.) Petitioner paid the bond amount and was released from ICE custody on September 16, 2009. The same day, the Ninth Circuit Court of Appeals issued an Order, which granted petitioner's motion to proceed *in forma pauperis* and issued a briefing schedule, but denied petitioner's request for a stay of removal. *See Rangel-Reynel v. Holder*, No. 08-74026 (9th Cir. 2008) (Dkt. 14). On September 21, 2009, petitioner filed a notice of change of address with the Ninth Circuit. *Id*. (Dkt. 16). Petitioner's petition for review remains pending in the Ninth Circuit.

Because no travel documents were necessary to repatriate petitioner to Mexico, and there was no stay in place, ICE removed petitioner from the United States to Mexico on November 4, 2009. (Dkt. No. 9, Ex. A.) On January 20, 2010, petitioner filed the present action, challenging his removal from the United States to Mexico. (Dkt. No. 1.) On February 24, 2010, respondents timely filed a motion to dismiss. (Dkt. No. 9.) Petitioner did not file a response.[1]

---

[1] On April 15, 2010, petitioner filed a Motion for Entry of Default, claiming that respondents failed to file a timely response. (Dkt. No. 12.) On January 22, 2010, the undersigned Magistrate Judge ordered respondents to file a return and status report ("RSR") to the habeas petition within thirty (30) days after service. (Dkt. No. 4.) Respondents received service on or about January 26, 2010. (Dkt. Nos. 5, 6, 7, and 8.) Pursuant to the Court's order, respondents' RSR was due no later than February 25, 2010. (Dkt. Nos. 4 and 5.) Accordingly, respondents' motion to dismiss (Dkt. No. 9), filed on February 24, 2010, was timely, and petitioner's motion for default judgment (Dkt. No. 12) should be DENIED.

III. DISCUSSION

The REAL ID Act of 2005 amended the judicial review provisions of the Immigration and Nationality Act to explicitly provide that judicial review of all deportation, exclusion, or removal orders lies exclusively in the appropriate court of appeals, and that the district courts no longer have jurisdiction to review such orders. This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, is to file a Petition for Review with the appropriate court of appeals. *See* 8 U.S.C. § 1252(a)(5) ("A petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter"); *Iasu v. Smith*, 511 F.3d 881, 888 (9th Cir. 2007) ("After the REAL ID Act . . . the district court plainly lacked habeas jurisdiction"); *see also* 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."). Pursuant to the REAL ID Act, constitutional claims or questions of law, that were historically reviewed under habeas corpus, now require review in the circuit courts of appeal. *See* 8 U.S.C. § 1252(a)(2)(d); *Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005), *adopted by* 466 F.3d 1121, 1124 (9th Cir. 2006) (en banc).

Petitioner asserts that he did not receive notice of the Ninth Circuit's Order denying his motion for stay of removal, and that ICE acted "precipitously in removing him without giving him notice of the order denying stay and thus deprived him of the opportunity to seek review of that order with the Supreme Court or to seek reconsideration or rehearing with the Ninth

REPORT AND RECOMMENDATION - 3

Circuit." (Dkt. No. 1 at 2.)  He "urges the Court to hold a hearing on the issues presented." *Id*. at 3.  Respondents respond that the Court lacks jurisdiction to grant such relief under the REAL ID Act.  (Dkt. No. 9.)  The Court agrees with respondents that it lacks jurisdiction.

The REAL ID Act makes clear that claims by petitioner in which he challenges the execution of his administratively final order of removal may not be considered in this habeas corpus action.  *See* 8 U.S.C. § 1252(g).  Although the REAL ID Act did not eliminate habeas jurisdiction over challenges to detention that are independent of challenges to final orders of removal, petitioner's claims clearly present a challenge to the Attorney General's action to execute his administratively final order of removal.  The Ninth Circuit is the proper forum for such claims and, thus for any injunctive relief associated with such claims.  The fact that petitioner was denied relief by the Ninth Circuit does not alter the fact that under the REAL ID Act, this Court lacks jurisdiction to entertain petitioner's habeas petition.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that respondents' motion to dismiss (Dkt. No. 9) be GRANTED, and that this matter be DISMISSED with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 23rd day of April, 2010.

_/s/ James P. Donohue_
JAMES P. DONOHUE
United States Magistrate Judge